# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MARK THOMAS HILLMAN, ET AL. | § | |
| | § | |
| | § | |
| v. | § | Case No. 4:11-CV-150 |
| | § | Judge Mazzant |
| | § | |
| CITY OF MCKINNEY, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants McCrorey Development Corporation, 448 N. Custer Holdings, LLC, Virginia Custer Holding, LLC, McCrorey Family Partnership, LP, William A McCrorey, Eva A. McCrorey, William M. McCrorey, Alexandra McCrorey, Michael A. Thibodeaux, Richard Massey, and Demand Concepts Inc.'s Motion for Leave of Court to Designate Responsible Third Parties (Dkt. #93). Having considered the relevant pleadings, the Court is of the opinion that Defendants'[1] motion for leave should be granted.

## BACKGROUND

Plaintiffs bring this suit alleging that Plaintiffs Mark Hillman and Delinda Gail Hillman are husband and wife, and together own The Zone Entertainment Group, Inc. (Dkt. #94 at ¶¶ 25-26). The real property located at 448 N. Custer Road, McKinney, Collin County, Texas was acquired by McKinney Zone, L.P. on or about July 22, 2004. *Id*. at ¶ 33. Prior to February 3, 2009, 1st International Bank held a real estate lien note as a mortgage against McKinney Zone, L.P. secured by a deed of trust for the property. *Id*. at ¶ 34. On February 3, 2009, the building in which Plaintiff The Zone McKinney was located was transferred to 1st International Bank, which was accomplished by substitute trustee's deed executed by Patrick J. Schurr. *Id*. at ¶ 40. In addition, 1st International

---

[1] Defendants City of McKinney, Texas and Brent W. Shropshire do not join in this motion.

Bank and the Zone Plaintiffs entered into a month-to-month lease agreement with 1st International Bank as landlord, which allowed Plaintiffs to continue to operate The Zone McKinney. *Id*. at ¶ 41.

During the lease, 1st International Bank displayed a sign on the building stating "Commercial Building For Sale." *Id*. at ¶ 44. Plaintiffs assert that due to the sign's presence, they lost business. *Id*. As a result, Plaintiffs notified 1st International Bank that they would not be renewing the lease for the month of April 2009, and that the last day of occupation would be March 31, 2009. *Id*. at ¶ 49.

Plaintiffs contend that on or about March 22, 2009, Plaintiff Gail Hillman observed Defendant McCrorey looking behind the counters of the business. *Id*. at ¶ 56. At this time, Plaintiff Gail Hillman told Defendant McCrorey that he was not allowed behind the counters, but that if he wanted a tour she would show him around the property. *Id*. On March 23, 2009, Defendants met with Plaintiffs to discuss purchasing the property, and Defendants indicated that they would be purchasing the premises on March 24, 2009. *Id*. at ¶¶ 58-59. Plaintiffs assert that Defendants threatened them with eviction, and asked to meet with the managers of The Zone McKinney. *Id*. at ¶ 60. Plaintiffs refused to arrange that meeting until after the purchase was completed, and set up an additional meeting for March 24, 2009 at 6:00 p.m. *Id*. at ¶ 61. Plaintiffs contend that Defendants did not appear for the scheduled meeting, and Plaintiffs left the premises. *Id*. at ¶ 64.

Plaintiffs contend that Defendants made phone calls to the McKinney Police Department about taking over a business. *Id*. at ¶ 66. In addition, Plaintiffs argue that on March 24, 2009, around 10:30 p.m., Defendants arrived at the Zone McKinney and changed the locks to the building. *Id*. at ¶ 75. In addition, Defendants notified the staff that they were the new owners of the business. *Id*. at ¶ 76. When Plaintiffs arrived at the property, they were physically prevented from removing

some of their belongings from the building. *Id*. at ¶ 78. Plaintiffs assert that the police were called, and after hearing statements from both sides, the police officers determined that Plaintiffs had no right to remain on the property. *Id*. The police officers stated that they would not interfere in a "civil matter." Plaintiffs bring this suit under 42 U.S.C. § 1983 alleging violations of their Fourth, Fifth, and Fourteenth Amendment rights. In addition, Plaintiffs allege trespass, conversion, unjust enrichment, unlawful lockout, negligence, and tortious interference with an existing contract (Dkt. #94).

Defendants[2] filed their motion seeking leave to designate the 1st International Bank as a responsible third party. Defendants assert that the owner of the building located at 448 N. Custer, McKinney, Texas on or around March 24, 2009, was 1st International Bank. Defendants contend that 1st International Bank advised Defendants that Plaintiffs were delinquent in their rent payments, and that Plaintiffs were in default (Dkt. #93 at ¶ 5). In addition, 1st International Bank advised in the escrow contract to purchase the building that there were no current leases on the building and gave no estoppels certificates to give to the buyers since the Plaintiffs were in default. *Id*. at ¶ 6. Defendants relied on these statements from 1st International Bank to their detriment. *Id*. at ¶ 8. Defendants assert that it was solely 1st International Bank who caused, if any, damages to Plaintiffs.

Defendants filed their motion for leave to designate responsible third parties (Dkt. #93) on April 30, 2012. On May 14, 2012, Plaintiffs' filed their response objecting to Defendant's motion (Dkt. #96).

---

[2] For the purposes of this motion, the term "Defendants" is used to describe only those Defendants joined in filing this motion for leave to designate responsible third parties.

3

# ANALYSIS

The Texas Civil Practice and Remedies Code states:

> A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

Tex. Civ. Prac. & Rem. Code § 33.004(a). A Court is required to grant leave to designate the named person as a responsible third party unless another party files an objection on or before the 15th day after the date the motion is served. Tex. Civ. Prac. & Rem Code § 33.004(f). In the present case, both Defendants' motion and Plaintiffs' objection were filed timely. If an objection is timely filed, the Court shall grant leave to designate unless the objecting party establishes: (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts. Tex. Civ. Prac. & Rem. Code § 33.004(g). After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damages. Tex. Civ. Prac. & Rem. Code § 33.004(l). The Court is required to grant the motion unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage. *Id*.

A responsible third party is described as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission... by any other conduct or activity that violates an applicable legal standard,

or by any combination of these." Tex. Civ. Prac. & Rem Code § 33.011(6); *Muniz v. Stanley*, 2007 WL 1100466 (S.D. Tex. Apr. 11, 2007). Plaintiffs object to Defendants' designation of 1st International Bank as a responsible third party because Defendants' alleged actions were independently wrongful, even if they relied on statements made by 1st International Bank (Dkt. #96 at 2). Plaintiffs assert that Defendants knew Plaintiffs were in possession of the property, and have pleaded no facts indicating what right they had to rely on representations made by the 1st International Bank to force Plaintiffs to leave the property. Plaintiffs contend that the Bank itself had no right to enter and lock Plaintiffs out of the property in question. Finally, Plaintiffs challenge the sufficiency of Defendants' allegations against 1st International Bank.

Defendants assert that 1st International Bank was the owner of the property and made representations to Defendants in order to induce them to purchase the property in question. For example, 1st International Bank represented that there were no current leases on the building, and entered into a lease with a new tenant to entice Defendants to buy the building. In addition, Defendants contend that 1st International Bank represented to Defendants that Plaintiffs were in default on their month-to-month lease payments. Defendants relied on these representations to their detriment, and allege that it was solely 1st International Bank who caused, if any, damages to the Plaintiffs. These allegations are sufficient to describe 1st International Bank as a person alleged to have caused or contributed to causing *in any way* the harm for which damages is sought. *See Arvie v. Dodeka, LLC*, No. H-09-1076, 2011 WL 1750242, at *5 (S.D. Tex. May 4, 2011). Defendants' assert that misrepresentations made by 1st International Bank caused and contributed to the damages Plaintiffs' seek. These allegations are sufficient under both Texas and federal law.

For the foregoing reasons, the Court finds Defendants McCrorey Development Corporation,

448 N. Custer Holdings, LLC, Virginia Custer Holding, LLC, McCrorey Family Partnership, LP, William A McCrorey, Eva A. McCrorey, William M. McCrorey, Alexandra McCrorey, Michael A. Thibodeaux, Richard Massey, and Demand Concepts Inc.'s Motion for Leave of Court to Designate Responsible Third Parties (Dkt. #93) is **GRANTED**.  1st International Bank is designated as a responsible third party.

   **It is SO ORDERED.**
   **SIGNED this 5th day of June, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE